UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| Paula McConnell,<br><br>     Plaintiff,<br><br>– against–<br><br><br>Great American Finance Company and Equifax Information Services, LLC,<br><br>     Defendant(s). | Civil Action No. 1:19-cv-00611<br><br>**COMPLAINT** |

**COMPLAINT**

Plaintiff, Paula McConnell (hereinafter "Plaintiff"), by and through her attorneys, The Law Offices of Robert S. Gitmeid & Assoc., PLLC, by way of Complaint against Defendants, Great American Finance Company ("Great American") and Equifax Information Services, LLC ("Equifax") alleges as follows:

**INTRODUCTION**

1. This is an action for damages brought by an individual consumer for Defendants' violations of the Fair Credit Reporting Act, 15 U.S.C. § 1681, et seq. (the "FCRA") and other claims related to unlawful credit reporting practices. The FCRA prohibits furnishers of credit information from falsely and inaccurately reporting consumers' credit information to credit reporting agencies.

1

## PARTIES

2. Plaintiff, Paula McConnell, is an adult citizen of Illinois.

3. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1681a(c) of the FCRA.

4. Defendant Great American is a corporation organized and existing under the laws of Florida that furnishes consumer credit information to consumer reporting agencies.

5. Defendant Equifax is a limited liability company organized and existing under the laws of Georgia that engages in the business of maintaining and reporting consumer credit information.

## JURISDICTION AND VENUE

6. This Court has jurisdiction over Defendants because Defendants are either domiciled in Illinois and/or continuously do business in Illinois.

7. This Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. § 1331 because the rights and obligations of the parties in this action are defined by 15 U.S.C. § 1681 and pursuant to 15 U.S.C. § 1681p, which provides that an action to enforce any liability created under 15 U.S.C. § 1681 may be brought in any appropriate United States district court, without regard to the amount in controversy.

8. Venue in this district is proper pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events and omissions giving rise to Plaintiff's claims occurred in Illinois.

## FACTUAL ALLEGATIONS

9. Defendant Great American issued a credit account ending in 2936 to Plaintiff. The account was routinely reported on Plaintiff's consumer credit report.

10. The consumer report at issue is a written communication of information concerning Plaintiff's credit worthiness, credit standing, credit capacity, character, general reputation, personal characteristics, or mode of living which is used or for the purpose of serving as a factor in establishing the consumer's eligibility for credit to be used primarily for personal, family, or household purposes as defined by 15 U.S.C. § 1681a(d)(1) of the FCRA.

11. On or about May 17, 2017, Plaintiff and the Law Offices of Kimberly J. Weissman, LLC, on behalf of Great American entered into a settlement agreement for the above referenced account. *See* Exhibit A.

12. Pursuant to the terms of the settlement, Plaintiff was required to make three (3) monthly payments totaling $1,087.00 to settle and close her Great American credit account.

13. Plaintiff, via her debt settlement representative timely made the requisite settlement payments. *See* Exhibit B.

14. However, over a year later, Plaintiff's Great American account continued to be negatively reported.

15. In particular, on a requested credit report dated October 4, 2018, Plaintiff's Great American account was reported with a status of "COLLECTION", a balance of $807.00, and a past due balance of $807.00. *See* Exhibit C.

16. This trade line was inaccurately reported. As evidenced by the settlement agreement and proof of payments, the account was settled for less than full balance and must be reported as settled with a balance of $0.00.

17. On or about October 23, 2018, Plaintiff, via her attorney at the time, notified Equifax directly of a dispute with completeness and/or accuracy of the reporting of Plaintiff's Great American account. *See* Exhibit D.

18. Therefore, Plaintiff disputed the accuracy of the derogatory information reported by Great American to Equifax via certified mail in accordance with 15 U.S.C. § 1681i of the FCRA.

19. In January 2019, Plaintiff requested an updated credit report for review. The tradeline for Plaintiff's Great American account remained inaccurate, as Defendants failed to correct the inaccuracy. *See* Exhibit E.

20. Equifax did not notify Great American of the dispute by Plaintiff in accordance with the FCRA, or alternatively, did notify Great American and Great American failed to properly investigate and delete the tradeline or properly update the tradeline on Plaintiff's credit reports.

21. If Great American had performed a reasonable investigation of Plaintiff's dispute, Plaintiff's Great American account would have been updated to reflect a "settled" status with a balance of $0.00.

22. Despite the fact that Great American has promised through its subscriber agreements or contracts to accurately update accounts, Great American has nonetheless willfully, maliciously, recklessly, wantonly, and/or negligently failed to follow this requirement as well as the requirements set forth under the FCRA, which has resulted in the intended consequences of this information remaining on Plaintiff's credit reports.

23. Defendants failed to properly maintain and failed to follow reasonable procedures to assure maximum possible accuracy of Plaintiff's credit

information and Plaintiff's credit report, concerning the account in question, thus violating the FCRA. These violations occurred before, during, and after the dispute process began with Equifax.

24. At all times pertinent hereto, Defendants were acting by and through their agents, servants and/or employees, who were acting within the scope and course of their employment, and under the direct supervision and control of the Defendants herein.

25. At all times pertinent hereto, the conduct of Defendants, as well as that of their agents, servants and/or employees, was malicious, intentional, willful, reckless, negligent and in wanton disregard for federal law and the rights of the Plaintiff herein.

## **CLAIM FOR RELIEF**

26. Plaintiff reasserts and incorporates herein by reference all facts and allegations set forth above.

27. Equifax is a "consumer reporting agency," as codified at 15 U.S.C. § 1681a(f).

28. Great American is an entity who, regularly and in the course of business, furnishes information to one or more consumer reporting agencies about its transactions or experiences with any consumer and therefore constitutes a "furnisher," as codified at 15 U.S.C. § 1681s-2.

29. Great American is reporting inaccurate credit information concerning Plaintiff to one or more credit bureaus as defined by 15 U.S.C. § 1681a of the FCRA.

30. Plaintiff notified Defendants directly of a dispute on the account's completeness and/or accuracy, as reported.

31. Great American failed to complete an investigation of Plaintiff's written dispute and provide the results of an investigation to Plaintiff and the credit bureaus within the 30-day statutory period as required by 15 U.S.C. § 1681s-2(b).

32. Great American failed to promptly modify the inaccurate information on Plaintiff's credit report in violation of 15 U.S.C. § 1681s-2(b).

33. Equifax failed to delete information found to be inaccurate, reinserted the information without following the FCRA, or failed to properly investigate Plaintiff's disputes.

34. Equifax failed to maintain and failed to follow reasonable procedures to assure maximum possible accuracy of Plaintiff's credit report, concerning the account in question, violating 15 U.S.C. § 1681e(b).

35. As a result of the above violations of the FCRA, Plaintiff suffered actual damages in one or more of the following categories: lower credit score, denial of credit, embarrassment and emotional distress caused by the inability to obtain financing for everyday expenses, rejection of credit card application, higher interest rates on loan offers that would otherwise be affordable, and other damages that may be ascertained at a later date.

36. As a result of the above violations of the FCRA, Defendants are liable to Plaintiff for actual damages, punitive damages, statutory damages, attorney's fees and costs.

**WHEREFORE**, Plaintiff demands that judgment in the sum of at least $35,000.00 be entered against Defendants as follows:

1. That judgment be entered against Defendants for actual damages pursuant to 15 U.S.C. § 1681n or alternatively, 15 U.S.C. § 1681o;

6

2. That judgment be entered against Defendants for punitive damages pursuant to 15 U.S.C. § 1681n;

3. That the Court award costs and reasonable attorney's fees pursuant to 15 U.S.C. § 1681n or alternatively, 15 U.S.C. § 1681o; and

4. That the Court grant such other and further relief as may be just and proper.

Respectfully Submitted,

 /s/  Alexander J. Mikulaschek
Alexander J. Mikulaschek, Esq.
Attorney for Plaintiff
Law Offices of Robert S. Gitmeid & Assoc., PLLC
11 Broadway, Suite 960
New York, NY 10004
Tel: (773) 869-5400
Fax: (212) 428-6808
Alexander.M@gitmeidlaw.com